

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DELMARCO CRAIG,<br><br>Defendant.<br>_____/ | Case: 5:23-cr-20182<br>Judge: Levy, Judith E.<br>MJ: Stafford, Elizabeth A.<br>Filed: 03-21-2023 At 04:04 PM<br>IND USA V DELMARCO CRAIG (SS)<br><br>Violations:<br>18 U.S.C. § 1343<br>18 U.S.C. § 1028A(a)(1) |

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **COUNT ONE**
### **18 U.S.C. § 1343**
*Wire Fraud*

1.      From on or about May 2020 through on or about November 2020, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, defendant DELMARCO CRAIG, knowingly devised and intended to devise a scheme and artifice to defraud state unemployment insurance agencies and to obtain money and property, namely state and federal unemployment insurance ("UI") benefit money, by means of materially false and fraudulent pretenses and representations ("the scheme"). For the purpose of executing and attempting to execute the scheme and artifice to defraud, defendant DELMARCO CRAIG transmitted and caused to be transmitted in interstate commerce, by means

1

of a wire communication, certain writings, signs, and signals in violation of 18 U.S.C. § 1343.

2. The purpose of the scheme was to cause state UI agencies, including agencies in California and Michigan, to issue UI benefits by submitting false applications for monetary benefits for DELMARCO CRAIG's personal use.

3. It was part of the scheme that false and fraudulent UI benefit claim applications were submitted to state UI agencies using the internet.

4. It was further part of the scheme that the false and fraudulent UI benefit claims falsely certified that the purported claimant was unemployed due to Covid-19.

5. It was further part of the scheme that false UI benefit claim applications were submitted using names, social security numbers, and dates of birth of real people without their consent, knowledge, or permission.

6. It was further part of the scheme that fraudulently obtained state and federal UI benefits money was electronically deposited on to UI debit cards that were mailed to an address associated with DELMARCO CRAIG.

7. It was further part of the scheme that DELMARCO CRAIG withdrew fraudulently obtained UI benefit funds using the UI debit cards at automated teller machines ("ATMs") in the Eastern District of Michigan, which transmitted and caused the transmission of wire communications in interstate commerce. These

communications included writings, signs, signals, pictures and sounds for the purpose of executing the scheme.

8. During the time set forth above, in the Eastern District of Michigan, for the purpose of executing the above-described scheme to defraud, DELMARCO CRAIG knowingly transmitted and caused the transmission by means of wire, radio, or television communication, writings, signals, pictures, and sounds in interstate commerce, in the form of the interstate electronic transmissions of information from ATMs and terminals in the Eastern District of Michigan to and from servers located outside the State of Michigan.

9. All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
## 18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

10. The allegations contained in Count One are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

11. On or about July 26, 2020, in the Eastern District of Michigan, defendant DELMARCO CRAIG knowingly possessed and used, without lawful authority, a means of identification of another person, whose initials are L.E., during and in relation to a felony enumerated in 18 U.S.C. § 1028(A)(c)—that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Count One—knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE
## 18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

12. The allegations contained in Count One are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

13. On or about August 4, 2020, in the Eastern District of Michigan, defendant DELMARCO CRAIG knowingly possessed and used, without lawful authority, a means of identification of another person, whose initials are A.B., during and in relation to a felony enumerated in 18 U.S.C. § 1028(A)(c)—that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in Count One—knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

14. The allegations contained in this Indictment are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(5), and Title 28, United States Code, Section 2461(c).

15. Upon being convicted of the offense in violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 981(a)(1)(C), together with Title 28, United States Code, Section 2461, any property, which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation.

16. The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violations of conviction.

17. If, by any act of omission of the defendant, the proceeds of the offenses: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

s/John K. Neal
John K. Neal
Chief, White Collar Crime Unit

s/Trevor M. Broad
Trevor M. Broad
Ranya Elzein
Assistant United States Attorneys

Dated: March 21, 2023

**(Companion Case information MUST be completed by AUSA and initialed)**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case: 5:23-cr-20182<br>Judge: Levy, Judith E.<br>MJ: Stafford, Elizabeth A.<br>Filed: 03-21-2023 At 04:04 PM<br>IND USA V DELMARCO CRAIG (SS) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to con

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes     ☒ No | AUSA's Initials: T.M.B |

Case Title: USA v. Delmarco Craig

County where offense occurred : Wayne

Check One:     ☒ Felony          ☐ Misdemeanor          ☐ Petty

✔ Indictment/____Information --- **no prior complaint.**
____Indictment/____Information --- based upon prior complaint [Case number:              ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**           **Charges**           **Prior Complaint (if applicable)**

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 21, 2023                s/Trevor M. Broad
─────────────                ──────────────────────────
    Date                     Trevor M. Broad
                             Assistant United States Attorney
                             211 W. Fort Street, Suite 2001
                             Detroit, MI  48226-3277
                             Phone:(313) 226-0210
                             Fax:    (313) 226-2873
                             E-Mail address: Trevor.Broad@usdoj.gov
                             Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.